```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


ALEXIS FROEMLING,              §
                               §
          Plaintiff,           §
                               §
v.                             §     CIVIL ACTION NO. H-05-1536
                               §
BOXER PROPERTY MANAGEMENT,     §
                               §
          Defendant.           §
```

MEMORANDUM AND ORDER

Pending is Defendant's Motion for Summary Judgment (Document No. 17). After carefully considering the motion, Plaintiff's response (Document No. 22), the summary judgment evidence, and the applicable law, the Court concludes, for the reasons set forth below, that Defendant's Motion for Summary Judgment should be granted.

I.  Background

This case involves claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), and sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff Alexis Froemling contends that she was fired from her position as a property manager on the basis of her age (59 on the date of her termination) and sex (female).

Froemling was hired by Defendant Boxer Property Management on May 17, 1999, as a commercial property manager. At the time she was hired, Froemling was 55 years old. Fromeling was initially assigned to manage two buildings, designated by Boxer as "723" and "1717," and her annual performance in that management position was rated from satisfactory to excellent. In late 2002, Froemling was assigned to manage a group of four buildings, collectively known as "Northbelt." While at "Northbelt," Froemling's annual performance was rated from satisfactory to good, but she was counseled by her supervisor on two occasions about her performance, resulting in two written "Corrective Action Notices," one dated July 29, 2003, and the other dated September 19, 2003. Following those complaints about her performance, Froemling was transferred in late September 2003, from Northbelt and assigned to manage two buildings, known as "14405" and "16903." It is from this assignment that Froemling was terminated on November 11, 2003. Following her termination, Boxer replaced Froemling with a younger (mid-30's) female. At all relevant times, Chris Chumley, a younger male, was Froemling's supervisor, and it was he who terminated Froemling.

Boxer argues in its Motion for Summary Judgment that summary judgment is warranted on Froemling's sex discrimination claim because Froemling has come forth with no summary judgment evidence in support of two essential elements of her *prima facie* case – that she remained "qualified" for the position of property manager, and

that she was replaced by a male, or treated less favorably than similarly situated males. As for her age discrimination claim, Boxer likewise argues that Froemling was no longer qualified for the position of property manager. Additionally, Boxer argues, with respect to both Froemling's sex and age discrimination claims, that it has articulated a legitimate, nondiscriminatory reason for Froemling's termination, which Froemling has not rebutted with summary judgment evidence of pretext or improper motive.[1]

## II.  Summary Judgment Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.

---

[1] Boxer also argues Froemling did not file a timely EEOC complaint. In response to this argument, Froemling has come forth with evidence that she filed her EEOC complaint within 300 days of being terminated. Therefore, Froemling's complaint was timely, and that argument for summary judgment is rejected.

Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986).  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id.  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  Anderson, 106 S. Ct. at 2513.

4

III. Discussion

Title VII proscribes an employer from discharging or otherwise discriminating against any individual because of such individual's sex. 42 U.S.C. § 2000e-2(a)(1). The ADEA proscribes similar treatment on the basis of age. *See* 29 U.S.C. § 623(a)(1); Roberson v. Alltel Info. Servs., 373 F.3d 647, 651 (5th Cir. 2004). The same standard of proof applies to discrimination claims under both statutes. Roberson, 373 F.3d at 651.

The Title VII inquiry is "whether the defendant intentionally discriminated against the plaintiff." Roberson, 373 F.3d at 651. To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show that: (1) she was discharged; (2) she was qualified for her position at the time of the discharge; (3) she was within the protected class at the time of the discharge; and either (4a) after the discharge, she was replaced by a person outside the protected class; or (4b) although her employer did not replace her after the discharge, the employer allowed others who were not members of her protected class to remain in similar positions. *See* Bauer v. Albemarle Corp., 169 F.3d 962, 966 (5th Cir. 1999). The first three elements are the same to establish a *prima facie* case of age discrimination under the ADEA; for the fourth element, the plaintiff must show that she was replaced by someone outside the protected class, replaced by someone younger,

or otherwise discharged because of her age.  <u>Rachid v. Jack in the Box, Inc.</u>, 376 F.3d 305, 309 (5th Cir. 2004).

Once the plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions.  <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 120 S. Ct. 2097, 2106 (2000).  The burden on the employer at this stage "is one of production, not persuasion; it 'can involve no credibility assessment.'"  <u>Id.</u> (quoting <u>St. Mary's Honor Ctr. v. Hicks</u>, 113 S. Ct. 2742, 2748 (1993)).  If the employer sustains its burden, the *prima facie* case is dissolved, and the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason "is not true, but is instead a pretext for discrimination (pretext alternative)"; or (2) the employer's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive alternative).  <u>Rachid</u>, 376 F.3d at 312.  If the plaintiff "demonstrates that [her protected characteristic] was a motivating factor in the [employer's decision to terminate her], it then falls to the [employer] to prove 'that the same adverse employment decision would have been made regardless of discriminatory animus.'"  <u>Id.</u>  If the employer fails to carry this burden, the plaintiff prevails.  <u>Id.</u>

A.   Sex Discrimination Claim

As argued by Boxer, Froemling has not established a *prima facie* case of sex discrimination.  The summary judgment evidence establishes that Froemling was replaced after her termination by a female.  In addition, there is no summary judgment evidence to support the conclusion, or raise a genuine issue of material fact, that Froemling was treated less favorably than similarly situated males.  None of the males who Froemling equates herself to, Chris Chumley, Doug Duerr, and Bell Barretto, has been shown to be similarly situated.  "[I]n order for a plaintiff to show disparate treatment, she must demonstrate 'that the misconduct for which she was discharged was nearly identical to that engaged in by a[n] employee [not within her protected class] whom [the company] retained.'"  Wallace v. The Methodist Hosp. Sys., 271 F.3d 212, 221 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 1961 (2002); *see also* Little v. Republic Refining Co., Ltd., 924 F.2d 93, 97 (5th Cir. 1991) ("To establish a claim of disparate treatment, [the plaintiff] must show that [the defendant] gave preferential treatment to [a member outside the protected class] under 'nearly identical' circumstances."); Aguinaga v. Texas Alcohol and Beverage Comm'n, 98 Fed. Appx. 328, 331, 2004 WL 1161914 (5th Cir. 2004) (the differing treatment must be under nearly identical circumstances to satisfy the fourth element of a *prima facie* case of disparate treatment).

Here, the record shows that Chumley was Froemling's supervisor --not a similarly situated property manager. In addition, there is no summary judgment evidence related to Chumley's overall performance record. In addition, although Duerr was also a property manager for Boxer, Froemling has submitted no evidence of his overall performance and no evidence that his alleged violation of Boxer's overtime policy was nearly identical in circumstances to hers. As for Barretto, he was a maintenance technician for Boxer, clearly not the same or similar position as that held by Froemling.

Given the absence of any summary judgment evidence that Froemling was treated less favorably than a similarly situated male, Froemling has not established a *prima facie* case of sex discrimination. Moreover, because there is no direct evidence of sex discrimination, Defendant is entitled to summary judgment on Froemling's sex discrimination claim.

B.  Age Discrimination

Contrary to Boxer's argument in its Motion for Summary Judgment, given Froemling's age at the time of her termination, her replacement with a female in her mid 30's, and the fact that Froemling was considered "qualified" for the position she held up until the time of her termination,[2] Froemling has established a

---

[2] Boxer's argument that Froemling became, due to her declining performance, not qualified for the position she held has been generally rejected in this circuit. The Fifth Circuit has

*prima facie* case of age discrimination. In response to Froemling's *prima facie* case, Boxer has asserted a legitimate, non-discriminatory reason for its termination of Froemling, namely "declining job performance, violation of company policy and potentially costly blunders." Defendant's Motion for Summary Judgment (Document No. 17) at 16. According to Boxer, Froemling's performance in 2003 declined, she was given two corrective action notices regarding her performance prior to her final assignment, and she allowed for, and approved of, a significant number of hours of overtime when she was not in a position to do so.

In response to Boxer's Motion for Summary Judgment, and its asserted legitimate, non-discriminatory reason for her termination, Froemling contends that Boxer's stated reasons are untrue, are a pretext for age discrimination, or are, at the very least, only part of the reason for her termination, her age being another

---

explicitly rejected the argument that an employer can defeat an employee's *prima facie* case simply by showing that the employer was dissatisfied with the employee's performance at the time of the discharge. *See* <u>Bienkowski v. Am. Airlines, Inc.</u>, 851 F.2d 1503, 1504-05 (5th Cir. 1988) (holding that a plaintiff need not prove that she was performing her job at a level which met her employer's legitimate expectations to establish a *prima facie* case); *see also* <u>Medina v. Ramsey Steel Co.</u>, 238 F.3d 674, 680 (5th Cir. 2001) (explaining that because subjective criteria can be used to mask discriminatory intent, "an employee must demonstrate that he meets objective . . . criteria at the prima facie stage, and the issue of whether he meets subjective . . . criteria is dealt with at the later stages of analysis."). Because Boxer had regarded Froemling as qualified for the position of property manager prior to her termination, Froemling was, for purposes of making a *prima facie* case of discrimination, "qualified" for the position.

motivating factor in her termination. In support of her argument, Froemling points to no direct or anecdotal evidence of any age bias on the part of her supervisor in particular, or Boxer in general, but does point to the following deposition testimony of Paula Loving, a former Boxer employee:

> Q: Did she [Froemling] ever make a statement to you that she felt she had been unfairly dismissed based on her gender?
>
> A. Yes.
>
> Q: And what specifically did she tell you?
>
> A: As far as specifics, I can't be too specific about it. Other than that she just felt that she had been unfairly dismissed and that--I'm sorry, I know it's taking me a while to try to come up with--
>
> Q: That's okay.
>
> A: I'm just trying to be clear on what I'm saying to you. That perhaps the company was perhaps moving towards maybe younger employees.
>
> Q: What was your response to her when she told you that?
>
> A: I don't recall.
>
> Q: Do you agree with that statement?
>
> A: Yes.
>
> Q: What is the basis for you agreeing with that statement?
>
> A: Certainly the leasing department was moving in that direction. Being taken out to lunch one day with Connie Bias, Sala, and Doug Pack; and Doug actually talked about how he was hiring younger people. Mainly because that they did as they were told; and he did say, "Present company excluded."

Deposition of Paula Loving, attached to Plaintiff's Response to Defendant's Motion for Summary Judgment (Document No. 22) at pp. 13-14. For purposes of Defendant's Motion for Summary Judgment, it must be determined whether Loving's deposition testimony raises a genuine issue of material fact on whether Boxer's stated reason for Froemling's termination was untrue and was a pretext for age discrimination and whether age was a motivating factor in Froemling's termination. The Court concludes Loving's deposition testimony does not raise such an issue of fact.

Age-related remarks may serve as evidence of age discrimination if such remarks: (1) were made close in time to the challenged termination; (2) were made by an individual with authority over the challenged termination; and (3) were related to the termination. Brown v. CSC Logic, Inc., 82 F.3d 651, 655 (5th Cir. 1996). Here, the purported statements by Doug Pack, as related second-hand by Paula Loving, are not evidence that Froemling's termination was the result of, or motivated by, age discrimination. Pack's purported statements fall within the type of stray remarks that are neither actionable in and of themselves, nor support a claim for discrimination. *See e.g.,* Patel v. Midland Mem'l Hosp. & Med. Ctr., 298 F.3d 333, 343-44 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 885 (2003); Price v. Marathon Cheese Corp., 119 F.3d 330, 337 (5th Cir. 1997); Read v. BT Alex Brown, Inc., 72 Fed. Appx. 112, 120 (5th Cir. 2003), *cert. denied*, 124 S. Ct. 1415

(2004); *see also* Martin v. Kroger Co., 65 F. Supp. 2d 516, 548 551 (S.D. Tex. 1999), *aff'd*, 224 F.3d 765 (5th Cir. 2000). Moreover, even if Pack's alleged statements could be viewed as more than stray remarks, Froemling has presented no summary judgment evidence that the statements were related to Froemling's termination. First, there is no summary judgment evidence as to when Pack made the statement, and thus, no showing that the statement was made close in time to Froemling's termination. Second, while Pack had hired Froemling in 1999, he was not her supervisor, and there has been no evidence presented that he was either responsible for her termination or had the ability to influence the termination decision. Third, Pack's statement, as conveyed by Loving, related to the hiring direction of Boxer's leasing department, not to the property management department in which Froemling was employed. In sum, neither Loving's deposition testimony, nor the statements Loving attributes to Doug Pack, suffice as evidence that Froemling's age was either the reason for or a motivating factor in her termination. As such, Froemling has not met her burden to raise at least a genuine issue of material fact on her age discrimination claim, and summary judgment for Defendant Boxer is warranted.

IV.  Order

For the reasons set forth, it is hereby

ORDERED that Defendant's Motion for Summary Judgment (Document No. 17) is GRANTED and Plaintiff's claims are DISMISSED on the merits.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 2nd day of August, 2006.

                                    _____
                                         EWING WERLEIN, JR.
                                    UNITED STATES DISTRICT JUDGE